Louisville & Nashville R. R. Co. v. Bonhayo.    Same v. Holzhauer.

CASE 11—PETITIONS ORDINARY—FEBRUARY 16.

# Louisville & Nashville R. Co. v. Bonhayo.

## Same v. Holzhauer.

APPEALS FROM CAMPBELL CIR 'UIT COURT.

1. INJURY TO NEIGHBOR BY DIGGING ON ONE'S OWN LAND.—Where a land-owner, by digging on his own land, has deprived the land of his neighbor of its natural support, he is, whether negligent or not, liable in damages to his neighbor, not only for the actual injury to the soil, but for injuries to buildings · But where the buildings erected by the neighbor on his land have, by their downward pressure, caused the natural support to give way, he can not recover, either for injury to his lands or the buildings upon it.

2. NEGLIGENCE IN BLASTING.—Although a land-owner may not have removed the natural support of his neighbor's soil, yet, if by negligence in blasting he has caused injury to either his neighbor's land or buildings, he is liable in damages.

JAMES C. WRIGHT FOR APPELLANT.

C. L. RAISON, JR., FOR APPELLEE.

Briefs not in record.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The dwelling and premises of the appellee, John Bonhayo, plaintiff below, were located on or near the railway of the appellant, and the latter, in widening its road, dug and excavated the ground so as to cause the soil to slide and take from his land its natural support, thereby causing the foundation of his dwelling to give way. or move from its natural position, &c.

The plaintiff, as appears from the testimony, erected his dwelling after the road was constructed, and it is pleaded as a matter of defense that the increased weight of plaintiff's dwelling, and other acts of his

68 · KENTUCKY REPORTS. [Vol. 94.

Louisville & Nashville R. R. Co. v. Bonhayo.   Same v. Holzhauer.

in digging trenches and excavating a cellar, brought about the injury complained of. The building is erected on a hillside that slopes towards the railroad, and if the digging and blasting by the company took from the soil its natural support, resulting by reason of the act of the defendant in this injury to his property, the defendant is liable in damages for the injury sustained. This right of lateral support is an incident to the land, and one adjoining or near to has no right to so excavate and dig the soil as to deprive the land of his neighbor of this support. If the building erected by the plaintiff has caused this soil to slide, or the pressure on the soil by the building is such that prevented the railway company from widening its road when exercising ordinary prudence in its work, the injury to the building can not enter into the question of damages, for the reason, as said in the case of Farrand v. Marshall, 19 Barb., 380, "that he who complains of the use which another makes of his own property must himself be free from fault." It follows, therefore, that for an injury to the adjoining land by reason of an act by the defendant that deprives the land of its natural support damages may be recovered without showing negligence, on the idea that the right of property has been invaded; but where the plaintiff has erected buildings that, by their pressure, cause this natural support to give way, when the act of the defendant is only such as the owner would have the right to exercise on his own soil, no recovery can be had for either an injury to the land or the buildings upon it. (Foley v. Wyeth, 2 Allen, 131.)

Suppose, however, the defendant, by neglect in excavating his own soil, not only removes the natural support, but also injures the buildings of his neighbor, in such a case it is plain that damages may be recovered, not only for the actual injury to the soil, but for the damage done the buildings also. In this case it is apparent from the testimony that the parties in interest were complaining of the manner in which the digging and blasting was being conducted, and entertaining fears that it would result in causing the soil to slide, were told that the defendant would see that their land was protected. It is shown that one blast of powder and dynamite threw railroad ties in every direction, broke down out-houses and fencing, and in a day or two the ground began to crack or give way from John street, on which appellee's property is located, to York street, the crack widening until the opening was five or six inches, and one of the defendant's own witnesses states that it was this excavation that caused the soil to slide.

There is also testimony conducing to show that the house and premises of the plaintiff were in good condition before that wrong was committed, and there is but little doubt that the injury resulted from the acts of the defendant; although there is testimony tending to show that a landslide had occurred at or near this spot many years ago; and also that the digging of trenches and cellars on the premises contributed to the injury. These were questions for the jury, and the verdict must stand, unless there was some error in the instructions given. There were two instructions given, embracing the question of title and

70 KENTUCKY REPORTS. [Vol. 94.

Louisville & Nashville R. R. Co. v. Bonhayo. Same v. Holzhauer.

possession. The deeds exhibited included appellee's land. He had purchased and was in the possession, and his right to maintain the action cannot be questioned. The first instruction told the jury that the land of the plaintiff was entitled to this natural support, and if deprived of it by the act of the defendant, the latter is liable, unless the plaintiff, or some one of the adjoining owners on the same hillside, had weakened or loosened the earth by digging, ditching or excavating for cellars, or by buildings had increased the down pressure, &c., and but for which the injury would not have happened, and in that event they must find for the defendant.

The jury was further told that if the lateral support of plaintiff's soil was not removed by defendant as stated, but that the plaintiff's property was injured by the careless and negligent manner in which the blasting was conducted, and that this caused the injury, they must find for the plaintiff. The jury was again told that if those engaged in the blasting and removal of the stone and soil were not the agents of the defendants or their employes, or if such, were not acting within the scope of their authority, they must find for the defendant. This instruction was given on the idea that Squires, who did the work, was an independent contractor, and the railroad company was not bound for his negligence.

Another instruction had been given on that branch of the case, and the verdict being for the plaintiff, no complaint can be made of this ruling, although we think the proof shows that the parties doing this work were mere subordinates, and acting under the

advice, control and management of the company in its execution, and within the scope of their authority. The instructions are lengthy, and may contain some abstract propositions, but the substance of them is given, and, we think, the verdict in the case was authorized by the testimony, and, in fact, the preponderance of the testimony is with the plaintiff. Judgment affirmed.

The opinion in this case applies also to the case of Louisville and Nashville R. Co. v. Gustavus Holzhauer. The question as to whether the natural support of the plaintiff's land was removed by the appellant, and causing the injury complained of, was properly submitted to the jury, and the evidence authorized the verdict.

Judgment affirmed.